UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON KELLY, # 225090,

    Plaintiff,

v.

CATHLEEN STODDARD, et al.,

    Defendants.

Case No. 1:14-cv-1278

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner[1] under 42 U.S.C. § 1983. Plaintiff is an inmate at the Muskegon Correctional Facility (MCF). His complaint concerns conditions of his confinement on August 2, 2012, at the Richard A. Handlon Correctional Facility (MTU). Six defendants have been served and appeared: Warden Cathleen Stoddard, Assistant Deputy Warden Shawn Young, Resident Unit Manager (RUM) Gary Ball, and Corrections Officers Rodney Allen, Elizabeth Roberts, and Steffeny Foldie.[2] Plaintiff alleges that on August 2, 2012, defendants violated his Fourth Amendment rights in connection with the strip search conducted in connection

---

[1] Plaintiff allegations purporting to bring claims on behalf of other prisoners are disregarded. Plaintiff is limited to representing himself on his own claims. (ECF No. 6, n.1, PageID.107).

[2] Plaintiff was an inmate at the Thumb Correctional Facility on December 12, 2014, when he filed this lawsuit. (ECF No. 1, PageID.7). He was barred under the "three strikes rule" from proceeding *in forma pauperis*. (ECF No. 6, 7). Thus, plaintiff was "responsible for service of the summons and complaint upon Defendants." (ECF No. 8, PageID.113). On November 5, 2015, the Court entered an amended order for service regarding the aforementioned defendants. (ECF No. 27, PageID.218-20).

with MTU's "mock mobilization." Plaintiff seeks declaratory and injunctive relief and damages. (ECF No. 1, PageID.23).

Defendants Stoddard, Young, Ball, Allen, Roberts, and Foldie have filed a motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (ECF No. 43). Plaintiff opposes the motion. (ECF No. 46-48, 53). Upon review, I recommend that defendants' motion be granted and that all plaintiff's claims against the moving defendants be dismissed. I recommend that all plaintiff's claims against all other defendants be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to achieve service and this report and recommendation serves as the notice of the impending dismissal.[3]

## Applicable Standards

### A.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir.

---

[3]See *Williamson v. Inman*, No. 1:16-cv-41, 2017 WL 1164571, at * 5 (M.D. Tenn. Mar. 29, 2017); *Briggs v. Burke*, No. 1:13-cv-1160, 2015 WL 5714520, at * 15 (W.D. Mich. Sept. 29, 2015).

2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir.

2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**B.    Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable

procedural rules established by state law.[4] *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *see Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *Doss v. Mackie*, No. 2:16-cv-135, 2017 WL 924363, at * 3-4 (W.D. Mich. Feb. 13, 2017).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on his criminal conviction.[5] On August 2, 2012, he was an inmate at the Richard A. Handlon Correctional Facility (MTU). On January 11, 2013, MTU's grievance coordinator received a grievance from plaintiff regarding an August 2, 2012, strip search and she

---

[4] MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures. A copy of the policy directive is found in the record. *See* ECF No. 44-2, PageID.259-65.

[5] *See Kelly v. Bergh*, No. 2:07-cv-13259, 2008 WL 3984047, at * 1 (E.D. Mich. Aug. 28, 2008).

assigned it Grievance No. MTU-13-01-0051-28e.[6]  (ECF No. 44-3, PageID.299). Plaintiff's grievance was rejected at Step I of the MDOC's grievance process because it was untimely:

> Per PD 03.02.130 this grievance is rejected as it is untimely filed as provisions allow. There is no record of the grievance office receiving a grievance about prisoner[']s concern. To inquire about the grievance for the first time 5 months later[7] is considered untimely by policy and the grievant gives no reason for his delay in inquiring about the grievance.

(*Id.* at PageID.300).

Plaintiff pursued an appeal to Step II. He argued that mailroom staff had mishandled his grievance. (*Id.* at PageID.297, 301-02). The warden rejected plaintiff's argument and upheld the rejection of plaintiff's grievance because it was untimely:

> Your first step grievance and your second step appeal have been reviewed by this office. I find that the Grievance Coordinator rejected your first step grievance.
>
> After reviewing the grievance, I find that the Grievance Coordinator's actions were appropriate. Your grievance was filed untimely as you date the date of this incident was 8/2/12 and you did not file a grievance until 1/28/13. Per policy, provisions allow to reject grievances that are filed untimely.
>
> In reviewing your appeal, you claim that you did file the grievances back in August 2012 and you blame either the facility mailroom or the Grievance Coordinator for holding up the grievance with intent that you never sent the grievance. I see no evidence of such happening. In fact, upon checking with the Grievance Coordinator, she had a record of four (4) grievances from you in 2013.

---

[6]There is no need to address other grievances that plaintiff filed (ECF No. 44-3, PageID.267-95) because they are unrelated to the claims at issue in this lawsuit.

[7]Under P.D. 03.02.130, if a grievance had been filed, the Step I response would have been expected in about 15 business days. The entire grievance process through a Step III decision generally must be completed within 120 calendar days, which is roughly four months. (ECF No. 44-2, PageID.261-62).

-7-

> There would be no reason not to process a grievance from you. Nor do I see any reason why the mailroom would not forward your mail on.
>
> Your appeal is denied at this level due to it being untimely filed. However, your issue had been addressed, thru a third party complaint, back in 2012. The allegations consisted of you being demeaned due to being strip searched in the presence of female officers and other prisoners during a mock mobilization in which your unit (D-unit) prisoners were sent to the school for mass shakedowns. It claimed that Captain R. Allen, ADW G. Ball and Sgt. Foldie (female staff) orchestrated the searches and observed abhorrent behavior by staff.
>
> A thorough investigation was conducted. There was no evidence of outrageous behavior by staff. Poor or unprofessional behavior by line staff would not be tolerated by any supervisor. If the fact were true many grievances would have been filed by prisoners. There were no grievances filed on this issue, including not receiving one from you.

(*Id.* at PageID.298).

Plaintiff pursued an appeal to Step III (*Id.* at PageID.297, 303-04). On May 30, 2013, the Grievance and Appeals Section issued its Step III decision upholding the decision at Step II rejecting plaintiff's grievance because it was untimely:

> Your Step III grievance, including any materials included with your appeal from Step II, have been fully reviewed and considered by the Grievance and Appeals Section of the Office of Legal Affairs in accordance with P.D. 03.02.130, "Prisoner/Parolee Grievances". The responses that you received at Steps I and II reflects that your issues were in fact considered and appropriately responded to at the facility level. As there is no additional information or basis found for relief at Step III, the Step II decision is upheld.

(*Id.* at PageID.296).

## **Discussion**

Defendants Stoddard, Young, Ball, Allen, Roberts, and Foldie have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Plaintiff argues that his grievance

should be deemed exhausted because the warden's Step II response to MTU-13-01-0051-28e addressed the merits of his grievance. (ECF No. 46). Plaintiff's argument cannot withstand scrutiny.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. The PLRA exhaustion requirement "requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, where, as here, a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011).

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford*, 548 U.S. at 88. For example, the Sixth Circuit looked to habeas corpus law in *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) when it held that a procedural bar does not apply where the State declines to enforce its own procedural rules. In *Reed-Bey* there was no question that MDOC officials "overlooked (or perhaps forgave)[a]

procedural failing and chose to address Reed-Bey's grievance on the merits."[8] Here, by contrast, plaintiff's grievance was rejected at all three steps because it was untimely. The warden's Step II response was an unambiguous enforcement of the procedural rule: "Your appeal is denied at this level due to it being untimely filed." (ECF No. 44-3, PageID.298). The warden's enforcement of the procedural rule was not undermined by her reference to a "third party complaint" or her explanation of why she found that the excuses plaintiff offered in his statement of reasons for appeal were not persuasive. Plaintiff's untimely grievance did not properly exhaust any claim against defendants. *See Cook v. Caruso*, 531 F. App'x at 562-63.

Plaintiff makes a passing argument that the "PLRA's exhaustion requirement does not incorporate a procedural default component." (ECF No. 53, PageID.365). This argument is foreclosed by the Supreme Court's holding in *Woodford v. Ngo* that the PLRA requires "proper exhaustion," not "exhaustion simpliciter." 548 U.S. at 87-93. "Proper exhaustion demands compliance with an agency's deadlines and other critical

---

[8]"For *Reed-Bey's* holding to apply, [plaintiff] would have had to receive 'merits based responses at *each step*.'" *Cook v. Caruso*, 531 F. App'x 554, 563 (6th Cir. 2013) (quoting *Reed-Bey*, 603 F.3d at 325); *see Lee v. Willey*, 789 F.3d 673, 681 (6th Cir. 2015); *Betty v. Heyns*, No. 1:15-cv-445, 2016 WL 4727431, at * 2 (W.D. Mich. Sept. 11, 2016) ("Only when the MDOC completely fails to identify and rely upon a procedural objection at each step of the review process is forfeiture appropriate."). The cases from other jurisdictions and district courts cited by plaintiff (ECF No. 47 at PageID.321; ECF No. 53, PageID.363) are not persuasive in this context given the more recent guidance the United States Court of Appeals for Sixth Circuit provided in *Cook v. Caruso* and *Lee v. Willey*.

Further, "[s]imply mentioning that the prison reviewed the record does not a merits-based response make." *Cook*, 561 F. App'x at 563; *see also Grisham v. Pritchard*, No. 3:14-cv-2023, 2016 WL 466025, at * 4 (M.D. Tenn. Feb. 8, 2016).

procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. "[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, [] but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Id.* at 93. "With this background in mind, we are persuaded that the PLRA exhaustion requirement requires proper exhaustion." *Id.*

Exhaustion is mandatory. *Id.* at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not properly exhaust his claims against defendants before he filed this lawsuit. I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of plaintiff's claims.

### **Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a) (ECF No. 43) be granted and that all plaintiff's claims against defendants Stoddard, Young, Ball, Allen, Roberts, and Foldie be dismissed. I recommend that all plaintiff's claims against all other defendants be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to achieve service. This report and recommendation serves as the

notice of the impending dismissal.

Dated: August 16, 2017         /s/  Phillip J. Green
                               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).