UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O̲p̲e̲l̲t̲o̲n̲ K̲e̲l̲l̲y̲, #225090,  )
    P̲l̲a̲i̲n̲t̲i̲f̲f̲,  )
)    N̲o̲. 1:14-cv-1278
-v-  )
)    H̲o̲n̲o̲r̲a̲b̲l̲e̲ P̲a̲u̲l̲ L̲. M̲a̲l̲o̲n̲e̲y̲
K̲e̲l̲l̲y̲ S̲t̲o̲d̲d̲a̲r̲d̲, e̲t̲ a̲l̲.,  )
    D̲e̲f̲e̲n̲d̲a̲n̲t̲s̲.  )
)

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On August 16, 2017, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants Stoddard, Young, Ball, Allen, Roberts, and Foldie's motion for summary judgment based on Plaintiff's failure to properly exhaust his administrative remedies and dismiss Plaintiff's remaining claims against Defendants who have not yet been served. (ECF No. 43; R&R, ECF No. 62.) The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 63.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Court thus reviews the Magistrate's recommendation that summary judgment be granted de novo. Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries the burden of showing that there is an absence of evidence to support a claim, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact. *Id.* at 324-25. The non-moving party cannot rest on his pleadings; he must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citing Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the Court must determine whether there is sufficient evidence on which the jury could reasonably find for Plaintiff. *Id.* at 252.

When liberally construing Plaintiff's complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it appears that he is challenging the Magistrate's recommendation for summary judgment on the basis that he "could not reasonably be expected to exhaust his administrative remedies" when Defendant Stoddard noted an incorrect date on his Step Two grievance and Grievance Coordinator Heffelbower withheld his grievance from the time it was filed in September until it was recorded on January 11, 2013. (ECF No. 63 at PageID. 399.)

First, Defendant Stoddard's alleged mistake in the Step Two grievance response is irrelevant because whether the grievance was filed on January 11th or January 28th, it was untimely. Her response to Plaintiff's grievance read "Your grievance was filed untimely as you state the date of the incident was 8/2/12 and you did not file a grievance until 1/28/13."

2

(ECF No. 63-1 at PageID.404.) The grievance was actually received by the grievance coordinator on January 11, 2013. (*Id.* at PageID.403.) Stoddard then continued, noting that "[t]here is no record of the grievance office receiving a grievance about prisoners [sic] concern. To inquire about a grievance for the first time 5 months later is considered untimely by policy . . . ." (ECF No. 44-3 at PageID. 299–300.) Therefore, even if Defendant Stoddard was mistaken when she said that the grievance was filed on January 28th, it would not have prevented Plaintiff from exercising his administrative remedies—it was untimely either on January 11th *or* January 28th.

Recognizing this, Plaintiff argues that a grievance is considered "filed" when it is mailed, and that he mailed the grievance on August 4, 2012. *See Michigan Dep't of Corrections, Policy Directives* 03.02.130 § S. In support of his factual assertion that he filed his grievance on August 4, and that the grievance was either lost or withheld by the prison officials until January 11, he has attached a kite that he purportedly wrote to the prison grievance coordinator on August 19, 2012 to ask about the grievance's status. (ECF No. 63-3.) If the kite is genuine, it directly contradicts Defendant Stoddard's written statement that Plaintiff inquired about the grievance for the first time five months after it was supposed to be filed, and it supports his allegation that he filed on August 4th.

However, the Court finds it extraordinarily curious that this evidence that directly contradicts the Defendants' claim was not included in Plaintiff's voluminous filings supporting his brief in opposition to the motion for summary judgment or produced at any point in the administrative process when prison officials noted that his grievance was untimely. The kite shows no markings or any sign that it was ever actually given to the

3

grievance office. The grievance office indicates that they have no record of ever receiving any inquiry about the alleged August 4, 2012 grievance. (ECF No. 44-3 at PageID. 299–300.) A district court has discretion to consider evidence first presented after the magistrate has filed a report, provided that the evidence is furnished by the time objections to the report are due. *Muhammad v. Close*, 798 F. Supp. 2d 869 (E.D. Mich. 2011). Consideration of such evidence is not mandatory. *Id.* Here, given the lack of corroboration that the kite is authentic, and Plaintiff's failure to submit the kite in his brief in opposition to the motion for summary judgment, the court will decline to consider Exhibit 1.

Plaintiff also attached his sworn affidavit to his objections. (ECF No. 66-2.) There, he again asserts that he filed his Step 1 grievance on August 4, 2012. (*Id.* at PageID.412.) However, he does not include more than a bare assertion that he did so; he includes no other facts that would support his assertion that either the facility mailroom or grievance coordinator delayed processing the grievance.

Neither document offered by the Plaintiff creates a genuine dispute as to the date he filed the grievance. As noted, Exhibit 1 is of dubious authenticity. Plaintiff's affidavit is self-serving, and does not allege any credible facts that would bolster his claim that the grievance was mailed on August 4th, but withheld from, or ignored by, the grievance coordinator until January 11, 2013.

Thus, Plaintiff has not presented specific facts showing that a *genuine* dispute exists as to whether he failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90. Here, Plaintiff's

4

grievance was rejected at all three administrative stages because it was untimely. Further, his argument that administrative remedies were not available must fail because it is unsupported by anything other than the Plaintiff's own self-serving affidavit and a kite of dubious authenticity, never before produced at any stage of the administrative process or this litigation. Plaintiff has not identified the staff member that he allegedly gave his Step I grievance to, and he has not identified anything more than a conspiracy to withhold his grievance to explain why it was not recorded by the grievance coordinator until January 11, 2013. Accordingly, the Court finds that Plaintiff has shown that a material dispute exists as to whether he properly exhausted his claim for purposes of filing a § 1983 action in federal court. *See Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *Doss v. Mackie*, 2017 WL 924363 at *4 (W.D. Mich. Feb. 13, 2017).

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS ORDERED** that the August 16, 2017 R&R (ECF No. 62) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 63) are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's claims against all other defendants be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to achieve service.

**JUDGEMENT TO FOLLOW.**

**Date:** September 6, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge